| | |
|---|---|
| DAVID EVANS,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN MARTIN, et al.,<br><br>    Defendants. | Case No. 1:21-cv-00941-EPG<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION AS DUPLICATIVE OF CASE NO. 1:21-cv-00093-DAD-BAM<br><br>TWENTY-ONE (21) DAY DEADLINE<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS CASE |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff David Evans is proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On June 8, 2021, Plaintiff filed the complaint commencing this action in the Sacramento division along with a motion to proceed *in forma pauperis*. (ECF No. 1). On June 16, 2021, the Sacramento division transferred the case to the Fresno division, and the case was assigned to the undersigned. (ECF No. 6). After reviewing the complaint, it is recommended that this action be dismissed as duplicative of *Evans v. Martin*, No. 1:21-cv-00093-DAD-BAM and that the motion to proceed *in forma pauperis* be denied as moot.

I. **LEGAL STANDARD**

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S.

1

880, 904 (2008).

"To determine whether a suit is duplicative, we borrow from the test for claim preclusion."[1] *Adams*, 487 F.3d at 688. "'[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit.'" *Id.* (second alteration in original) (quoting *The Haytian Republic*, 154 U.S. 118, 124 (1894)). "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties . . . to the action, are the same." *Adams*, 487 F.3d at 689; s*ee also Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." (internal quotation marks omitted)).

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams*, 487 F.3d at 688.

## II. DISCUSSION

Plaintiff has two civil rights cases pending before this Court. On January 15, 2021, Plaintiff filed a complaint in the Sacramento division, which was later transferred to the Fresno division, and is proceeding as *Evans v. Martin*, Case No. 1:21-cv-00093-DAD-BAM. In that case, the District Court adopted findings and recommendations, issued on May 19, 2021, to dismiss certain Defendants. (*See* ECF Nos. 14, 15 - Case No. 1:21-cv-00093-DAD-BAM). The second case is the instant case, No. 1:21-cv-00941-EPG, filed on June 8, 2021. (ECF No. 1).

In both this case and in Case No. 1:21-cv-00093-DAD-BAM, Plaintiff recounts alleged

---

[1] The primary difference between dismissing a case as duplicative and dismissing a case under the doctrine of claim preclusion is that a final judgment need *not* have been entered to dismiss a case as duplicative while claim preclusion requires a final judgment on the merits. *Cook v. C.R. England, Inc.*, No. CV 12-3515-GW CWX, 2012 WL 2373258, at *3 (C.D. Cal. June 21, 2012). Although an order has been entered in Case No. 1:21-cv-00093-DAD-BAM dismissing certain claims and defendants, no final judgment has been entered pursuant to Federal Rule of Civil Procedure 58. Accordingly, the Court does not apply the doctrine of claim preclusion.

constitutional violations beginning on January 19, 2019, while he was housed at Kern Valley State Prison. Generally, both cases allege that, after Plaintiff reported feeling suicidal due to information and photos being leaked on social media regarding his same-sex relations, Defendants used excessive force against him, subsequently denied him medical care, and forced him to endure unconstitutional conditions of confinement. In comparing the two complaints, "it is clear that the two actions share a common transaction nucleus of facts." *Adams*, 487 F.3d at 689. For instance, the complaint in this case states that Plaintiff expressed "suicidal ideation and safety concerns regarding his sexual orientation" after "photos [were] leaked on social media." (ECF No. 1, p. 10). And the complaint in Case No. 1:21-cv-00093-DAD-BAM states that Plaintiff "was feeling suicidal" because "information and photos were recently leaked on social media about (plaintiff's) same sex relations." (ECF No. 1, p. 11 - Case No. 1:21-cv-00093-DAD-BAM).

And while Plaintiff sued more defendants in Case No. 1:21-cv-00093-DAD-BAM, every Defendant in the instant action is a defendant that has been dismissed in Case No. 1:21-cv-00093-DAD-BAM, although judgment has not yet been entered. (*See* ECF Nos. 14, 15 - Case No. 1:21-cv-00093-DAD-BAM). Indeed, Plaintiff informed the Court in Case No. 1:21-cv-00093-DAD-BAM that he planned to raise his dismissed claims in a new civil case in response to the screening order:

> Plaintiff does not wish to file an amended complaint and is willing to proceed on the cognizable claims the court found. Plaintiff joined defendants in his complaint because it all arised from the same [occurrence] totality of conditions with a nexus to each other. Plaintiff is informing the court that he will be filing another complaint holding the other defendant[s] accountable in hopes that Plaintiff receives the justice he deserves.

(ECF No 12, p. 1 - Case No. 1:21-cv-00093-DAD-BAM); (*see also* ECF No. 11, p. 23 - Case No. 1:21-cv-00093-DAD-BAM). Less than a month after filing this statement, Plaintiff filed the instant action, which amounts to an improper attempt to reinstate Plaintiff's dismissed claims against the Defendants in this case.[2]

---

[2] The screening order in Case No. 1:21-cv-00093-DAD-BAM noted that Plaintiff improperly brought unrelated claims, in violation of Federal Rules of Civil Procedure 18 and 20, for events rising from Lancaster. However, the Lancaster claims were against two defendants King and Lugos, who are *not*

3

Based on the foregoing, the Court finds the instant case to be duplicative of Case No. 1:21-cv-00093-DAD-BAM. Therefore, this case should be dismissed.

### III. CONCLUSION AND RECOMMENDATIONS

Accordingly, the Clerk of Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that:

1. This action be dismissed as duplicative of *Evans v. Martin*, Case No. 1:21-cv-00093-DAD-BAM;

2. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) in this case be denied as moot; and

3. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B). Within twenty-one (21) days after service of the findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 13, 2021**          /s/ Erica P. Grosjean
                                   UNITED STATES MAGISTRATE JUDGE

---

defendants in this case. Plaintiff's claims in this case arise out of Kern Valley State prison, which are at issue in the other pending case.

4